HARRIS, J.
Brooks challenges his conviction for aggravated battery by the use of a deadly weapon on two grounds. First, he contends it was error to permit testimony concerning the extent of the victim’s injuries since he was charged with the use of a deadly weapon and not with causing serious bodily harm. Second, he urges that a “mere kitchen knife” is not a deadly weapon.
The challenged evidence revealed that after Brooks argued with the victim, he retrieved a wooden-handled knife from the kitchen. He choked the victim with his left hand while holding the knife against her neck with his right hand. He smashed the victim’s head against the padlock of the door and “skinned” her with the knife. He placed the knife at the victim’s side, ripping her shirt. The injuries suffered by the victim as testified to at trial may or may not have constituted sufficient injuries in and of themselves to constitute aggravated battery. The State did not rely on such injuries in its charging document. Such testimony is admissible, however, if it is otherwise relevant. T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996). Here, the evidence was relevant to corroborate that a battery took place and that a knife was used in that battery.
The wooden-handled kitchen knife was entered into evidence and displayed to the jury. The jury was properly instructed as to the definition of a “deadly weapon” and determined that the knife in evidence was one. Based on the facts of this case, the jury’s determination is warranted by the record.
AFFIRMED.
COBB and PETERSON, JJ., concur.